UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WADE,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANCISCO J. QUINTANA, ET AL.,<br><br>    Defendants. | Case No. EDCV 18-2681-JAK (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Bobby Wade ("Plaintiff"), proceeding pro se and in forma pauperis, filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) ("Bivens") and the Federal Tort Claims Act ("FTCA"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On December 19, 2018, Plaintiff constructively filed[1] a complaint ("Complaint") appearing to sue the United States of America, individuals employed at

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation

the United States Penitentiary in Victorville, California ("USP Victorville"), including: L. Hoen, B. Wolverton, Perez, R. Academia, Herrera, F. Quintana, and John Doe ("Victorville Defendants"), and individuals employed at the United States Penitentiary in Pollock, Louisiana ("USP Pollock"), including: M. Derrick, B. Brown, C. Johnson, Maldonado, Gotreaux, Moore, B. Mitchell, M. Garcia, and Vazquez ("Pollock Defendants"), each in their individual and official capacities (collectively, "Defendants"). ECF Docket No. ("Dkt.") 1. Plaintiff appears to allege Defendants (1) acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment, (2) were negligent under Section 844.6(d) of the California Government Code, and (3) committed medical malpractice under Section 844.6 of the California Government Code. Id. at 23.

**A. ALLEGATIONS AGAINST VICTORVILLE DEFENDANTS**

Plaintiff alleges the following against Victorville Defendants. In January 2017, Plaintiff was a federal prisoner housed in the Special Housing Unit (SHU) at USP Victorville. Dkt. 1 at 15. While housed in SHU, Plaintiff was assigned a top bunk bed, but did not have a ladder to climb up to the bed. Id.

On February 16, 2017, after attempting to climb to his top bunk bed, Plaintiff tripped and fell onto the cement floor. Id. Because of the fall, Plaintiff was "serious[ly] injured" and was in "excruciating pain . . . without the ability to obtain assistance." Id.

That same day, defendant Physician Assistant Wolverton saw Plaintiff and "without examination, proclaimed that Plaintiff did not present with injury." Dkt. 1 at 16. Later that night, while "still in severe pain", Plaintiff was seen by defendant Lieutenant Herrera who "informed Plaintiff [] to submit a sick call slip." Id. For the next six days, while waiting for a response to a sick call slip he had submitted, Plaintiff

---

omitted); Mayer v. Redix, No. CIV S-10-1552 GGH P, 2012 WL 360202, at *7 n.22 (E.D. Cal. Feb. 2, 2012) on reconsideration, No. CIV S-10-1552 GGH P, 2012 WL 1082044 (E.D. Cal. Mar. 30, 2012) (applying "mailbox rule" to Bivens action).

slept "on the cell floor due to his injury." Id. During this time, Plaintiff's "left knee and lower limb presented with significant swelling and discoloration." Id.

On February 22, 2017, defendant Physician Assistant Hoen saw Plaintiff and took an x-ray of his left knee. Dkt. 1 at 16. "Because those x-rays revealed a potential tear of the ACL[,] defendant Hoen submitted an urgent consult for Plaintiff [] to be seen by an orthopedic specialist. Defendant Hoen prescribed medication, a wheelchair and a bottom bunk permit" for Plaintiff. Id. When Plaintiff returned to SHU, however, defendant Herrera confiscated Plaintiff's wheelchair. Id.

On March 22, 2017, Plaintiff's physical therapist documented Plaintiff's "injured condition" of his left knee. Dkt. 1 at 17.

Additionally, while at USP Victorville, Plaintiff alleges defendants Unit Manager Perez and Correctional Counselor Academia denied Plaintiff's "request for administrative remedies forms." Dkt. 1 at 17.

Plaintiff contends Victorville Defendants "deliberately caused" Plaintiff to be "denied his need for 'urgent' medical care by intentionally failing to schedule an appointment for the consultation until those Defendants . . . could effectuate a transfer". Dkt. 1 at 17.

**B.     ALLEGATIONS AGAINST POLLOCK DEFENDANTS**

Plaintiff alleges the following against Pollock Defendants. On or about April 6, 2017, Plaintiff was transferred from USP Victorville to USP Pollock. Dkt. 1 at 17. Plaintiff was transported "without a wheelchair or other accommodation for his injury". Id. When Plaintiff arrived at USP Pollock, medical staff performed an initial medical assessment. Id. The medical staff "verified" Plaintiff's injury and "need for follow-up medical care." Id. However, defendant Physician Assistant Mitchell "deliberately altered, changed or otherwise manipulated" Plaintiff's medical records "to reflect that his injury did not require 'urgent' but rather 'routine' medical care." Id.

3

On or about April 14, 2017, defendant Mitchell saw Plaintiff again and set an appointment for an orthopedic specialist to examine Plaintiff and perform an MRI. Dkt. 1 at 18. When Plaintiff met with the orthopedic specialist, the specialist "agreed" that an MRI was needed to determine Plaintiff's injury to his left knee. Id. For the next six months, Plaintiff waited for an MRI. Id. During this time, Plaintiff filed "numerous administrative grievances regarding the denial of medical care, including the unreasonable delay in him receiving the approved diagnostic MRI." Id.

In November 2017, Plaintiff received an MRI. Dkt. 1 at 18. The exam revealed a "horizontal t[ear], ACL suggestive of prior partial t[ear], and artculpso [sic] cart ledge [sic]". Id. at 20 (quotations omitted).

On December 17, 2017, defendant Lieutenant Gotreaux "threatened" Plaintiff with "adverse actions, including being placed in segregated housing" for having filed numerous administrative grievances. Dkt. 1 at 19. Defendant Gotreaux informed Plaintiff "he would not be receiving any medical care if he continued to file grievances or if he refused to withdraw the grievances that he had filed". Id. Plaintiff "refused" to stop filing grievances, and defendant Gotreaux placed Plaintiff in "segregated housing on 'trumped-up' contentions." Id. Additionally, defendant Gotreaux "destroyed and stole[]" Plaintiff's property and "deprived" Plaintiff of a bottom bunk bed. Id.

Plaintiff then informed defendants Warden Johnson and Associate Warden Maldonado of his "worsening injury, need for medical care and the adverse actions taken against" him. Dkt. 1 at 19.

While in the SHU at USP Pollock, Plaintiff "developed symptoms of a fever, chills, nausea, vomiting, rash, etc. When he was seen for these symptoms, which evidenced a break-out with chicken-pox, an x-ray was performed of Plaintiff's [] stomach [which] revealed . . . a lesion." Dkt. 1 at 20.

Later, Pollock Defendants transferred Plaintiff to another federal prison. Dkt. 1 at 21. During the transfer, Plaintiff was "handcuffed and shackled for 12 hours or

more . . . which caused excruciating pain and worsen[ed] the existing injury to his left knee." Id.

Plaintiff is "currently pending surgery; however, the prognosis of the success of the surgery is limited due to the adverse reaction caused by allowing a torn ACL to exist for a year or more." Dkt. 1 at 21. Plaintiff "has been permanently injured as he will never regain full usage of his left knee/leg." Id.

**C.  RELIEF SOUGHT**

Plaintiff seeks a declaratory judgment and compensatory and punitive damages against Defendants. Dkt. 1 at 22.

## III.

## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely

5

conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). If, however, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///
///

6

# IV.

# DISCUSSION

## A. VENUE OVER CLAIMS AGAINST POLLOCK DEFENDANTS PROPERLY LIES IN THE WESTERN DISTRICT OF LOUISIANA

### 1. Applicable Law

Pursuant to 28 U.S.C. § 1391(b), venue over civil rights actions properly lies only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. If venue does not properly lie in the District where the action is filed, the Court must either dismiss the action, or if it be in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

### 2. Analysis

Here, the Complaint alleges actions taken by Pollock Defendants while Plaintiff was confined in USP Pollock in Pollock, Louisiana. Dkt. 1. Accordingly, pursuant to 28 U.S.C. § 1391(b)(2), venue for claims against Pollock Defendants properly lies in the Western District of Louisiana. 28 U.S.C. § 98(c). Additionally, there does not appear to be a basis for venue in the Central District of California under any other provision of 28 U.S.C. § 1391(b) for claims against Pollock Defendants.[2]

Accordingly, Plaintiff's claims against Pollock Defendants are subject to dismissal. If Plaintiff chooses to pursue his claims against Pollock Defendants he must file a separate action in the Western District of Louisiana.

---

[2] Moreover, Plaintiff may not join Pollock Defendants to this action under Federal Rule of Civil Procedure 20(a)(2) because he has not alleged claims against Pollock Defendants involve the same "transaction, occurrence, or series of transactions" and "question[s] of law or fact" related to the claims against Victorville Defendants. Fed. R. Civ. 20(a)(2).

## B. THE COMPLAINT FAILS TO COMPLY WITH RULE 10(a)

### 1. Applicable Law

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief". McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

### 2. Analysis

Here, the Court cannot determine from the complaint "who is being sued, [and] for what relief". McHenry, 84 F.3d at 1178. In the caption of the Complaint, Plaintiff lists "Francisco J. Qunitana, Warden, USP Victorville; Calvin Johnson; Warden, USP Pollock; et al." as defendants. Dkt. 1 at 1. Later in the form Complaint, Plaintiff lists as defendants Francisco J. Quintana, Liza Hoen, John Doe, Calvin Johnson, Gotreaux, Maldonado, Vasquez, B. Brown, and M. Derrick, each in their individual capacity. Id. at 6. Then, in the body of the Complaint, Plaintiff lists as defendants the United States, L. Hoen, B. Wolverton, Perez, R. Academia, Herrera, John Doe, M. Derrick, B. Brown, C. Johnson, Maldonado, Gotreaux, Moore, B. Mitchell, and M. Garcia, each in their individual and official capacities. Id. at 13-14. Because of these inconsistencies, it is unclear who Plaintiff is suing, and in what capacity he is suing each defendant.

Accordingly, the Complaint fails to comply with Rule 10(a). If Plaintiff chooses to file an amended complaint, he must clarify which defendants he is suing, and identify the capacity he is suing each defendant.

## C. PLAINTIFF CANNOT SUE INDIVIDUAL DEFENDANTS UNDER THE FTCA

### 1. Applicable Law

The FTCA waives sovereign immunity defenses in tort claims brought against the United States. 28 U.S.C. § 2674. "[T]he United States is the only proper party

defendant in an FTCA action." Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).

### 2. Analysis

To the extent Plaintiff seeks to sue individual defendants under the FTCA, those claims are barred because the United States is the only proper defendant in an FTCA action. See Kennedy, 145 F.3d at 1078.

## D. PLAINTIFF CANNOT SUE DEFENDANTS IN THEIR OFFICIAL CAPACITY IN A BIVENS ACTION

### 1. Applicable Law

The purpose of a Bivens action is to "deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). As such, a Bivens action "can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987). "This is because a Bivens suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007).

### 2. Analysis

To the extent Plaintiff seeks to sue any individual defendant in their official capacity, those claims are barred by the doctrine of sovereign immunity. See Consejo de Desarrollo Economico de Mexicali, A.C., 482 F.3d at 1173. As such, Plaintiff can only maintain a Bivens action against individual defendants in their individual capacity. See Daly-Murphy, 837 F.2d at 355.

///
///
///
///

E.  **PLAINTIFF FAILS TO STATE A DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANTS WOLVERTON AND HOEN**

   **1.    Applicable Law**

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations omitted)); see also Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant: (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" Peralta, 744 F.3d at 1081 (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'" Id. at 1082 (quoting Farmer, 511 U.S. at 837). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be substantial – negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation.

1 Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting
2 medical malpractice is not sufficient to establish an Eighth Amendment violation).

   **2. Analysis**

Here, Plaintiff fails to state an Eighth Amendment deliberate indifference claim against defendants Wolverton and Hoen. First, Plaintiff alleges defendant Wolverton "proclaimed that Plaintiff [] did not present with injury" when he examined Plaintiff after his fall from the top bunk bed. Dkt. 1 at 16. Plaintiff contends "[u]pon information and belief [d]efendant Wolverton's examination of Plaintiff [] was inconsistent with the prevailing community standards of care." Id. However, these barebones conclusory allegations against defendant Wolverton fail to demonstrate defendant Wolverton acted intentionally – with a subjectively culpable state of mind – in ignoring Plaintiff's alleged injury. See Wilson, 501 U.S. at 297. Thus, Plaintiff fails to state an Eighth Amendment claim against defendant Wolverton.

Second, Plaintiff claims defendant Hoen examined Plaintiff's knee, conducted x-rays of his left knee, and prescribed Plaintiff medication, a wheelchair, and a bottom bunk permit. Dkt. 1 at 16. It, therefore, appears defendant Hoen took steps to properly assess and treat Plaintiff's injured left knee. To the extent Plaintiff is arguing the treatment he received was inadequate, such a claim alleging merely a difference of opinion between Plaintiff and defendant Hoen regarding the appropriate treatment does not amount to deliberate indifference. See Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (holding that a difference of opinion between patient and medical authorities regarding treatment does not rise to the level of deliberate indifference). Hence, Plaintiff fails to state an Eighth Amendment claim against defendant Hoen.

Accordingly, Plaintiff's Eighth Amendment claim against defendants Wolverton and Hoen are subject to dismissal.

///
///

## F. PLAINTIFF FAILS TO STATE A FIRST AMENDMENT CLAIM AGAINST DEFENDANTS PEREZ AND ACADEMIA

### 1. Applicable Law

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that [a prison official] took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (observing prisoner "must show that there were no legitimate correctional purposes motivating the actions he complained of").

### 2. Analysis

Here, Plaintiff appears to allege defendants Perez and Academia violated his First Amendment rights by denying his "request for administrative remedies forms." Dkt. 1 at 17. However, Plaintiff's barebones allegation that defendants Perez and Academia denied his request for forms is insufficient to state a First Amendment retaliation claim. Specifically, Plaintiff has alleged no facts from which one can infer the motivation for the denial of forms. See Rhodes, 408 F.3d at 567-68. Additionally, Plaintiff does not demonstrate an absence of legitimate correctional goals for the conduct he appears to contend was retaliatory. See Pratt, 65 F.3d at 808.

Accordingly, Plaintiff's allegation of a denial of grievance forms, without more, fails to state a First Amendment claim. See Arceo v. Salinas, No. 2:11-cv-2396 KJN P, 2016 WL 1073257, at *12 (E.D. Cal. Mar. 18, 2016) (finding plaintiff's claim he was denied grievance forms in violation of the First Amendment was inadequately pled

where plaintiff failed to demonstrate prison officials' alleged retaliation was the "motivating" factor behind their conduct).

## G. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS QUINTANA AND DOE

### 1. Applicable Law

To state a claim against a defendant for violation of constitutional rights, a plaintiff must allege that the defendant deprived him or her of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1998). A plaintiff must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (citation omitted); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). Specifically, a plaintiff must present facts showing how a particular defendant was directly and personally involved in inflicting the alleged injury, such that a claim to relief is "plausible on its face". See Iqbal, 556 U.S. at 676, 678 (citation omitted) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### 2. Analysis

Here, Plaintiff fails to allege *any* specific facts to support a claim against defendants Quintana and Doe.[3] Thus, Plaintiff does not set forth a "short and plain

---

[3] "As a general rule, the use of 'John[/Jane] Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because Plaintiff is unaware of the true name of the unnamed Doe defendant, Plaintiff will be given the opportunity to discover the name of the Doe defendant after he files a complaint curing its deficiencies. Plaintiff is cautioned that, if he is unable to timely identify the Doe defendant, the claims against the Doe defendant will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

13

statement" of his claims to demonstrate defendants Quintana and Doe were directly and personally involved in inflicting an alleged injury.[4] See Iqbal, 556 U.S. at 676. Absent specific allegations identifying what actions each defendant took against Plaintiff and how such actions violated Plaintiff's rights, the Complaint fails to provide defendants Quintana and Doe with fair notice of Plaintiff's claims or the grounds upon which they rest. See Iqbal, 556 U.S. at 676; Dura Pharms., Inc., 544 U.S. at 346.

Accordingly, Plaintiff's claims against defendants Quintana and Doe are subject to dismissal.

If Plaintiff wishes to amend his complaint, Plaintiff must state each claim separately and identify proper defendants for each claim. In addition, Plaintiff should clearly, precisely, and briefly identify the legal basis and the facts underlying each claim. Hence, in an amended complaint, Plaintiff should clearly state:

1) What actions were committed by each alleged defendant;
2) When and where the alleged actions were committed by each defendant;
3) What harm resulted from alleged actions by each defendant; and,
4) What statute or constitutional right was violated because of the alleged actions by each defendant.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

---

[4] Additionally, Plaintiff may not merely set forth allegations as to actions taken by "Defendants" as a collective group. See dkt. 1 at 11-12; see In re Am. Apparel, Inc. S'holder Derivative Litig., No. 10-cv-6576-MMM-RCx, 2012 WL 9506072, at *41 (C.D. Cal. July 31, 2012) ("[A] complaint that repeatedly refers to defendants collectively, without differentiation, is more likely to run afoul of the plausibility standard of Iqbal . . . than one with more specific allegations.").

14

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a signed First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which**

**relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: February 08, 2019

*Kenly* [signature]

HONORABLE KENLY KIYA KATO
United States Magistrate Judge